# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7283 | **DATE** | 7/10/2000 |
| **CASE TITLE** | | Sheegog vs. Washington | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendants' motion to dismiss in part and denies the motion in part. The claims against Schonauer, Welsh and Briick are dismissed. The motion to dismiss is otherwise denied. The remaining defendants are directed to answer the complaint on or before 8/1/00. The case is set for a status on 8/15/00 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 13 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| OLIVER SHEEGOG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99 C 7283 |
| | ) | |
| ODIE WASHINGTON, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED

⌐JUL 1 3 2000

MATTHEW F. KENNELLY, District Judge:

Oliver Sheegog, an inmate currently incarcerated at Stateville Correctional Center, brought this *pro se* action pursuant to 42 U.S.C. §1983 on November 5, 1999. Sheegog sues a number of officials of Stateville and the Illinois Department of Corrections (IDOC), alleging they violated his Eighth Amendment rights in that they endangered his health by deceiving him to drink contaminated drinking water. Defendants have moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Facts

On October 1, 1992, either the Illinois Pollution Control Board (IPCB) or the United States Environmental Protection Agency sent Stateville a notice that the maximum concentration of radium allowed in its public water supply had been exceeded in the prior year. The notice warned that the ingestion of radium may result in the development of bone cancer. The agency also informed Stateville of its obligation to post the notice it had sent. In 1992 and 1993, tests determined that the levels of "gross alpha" and radium exceeded the IPCB's maximum allowable

concentration.

Sheegog has been incarcerated at Stateville since February 26, 1997. In December 1998, he heard from other Stateville inmates about excessive levels of radium in the drinking water. He then filed numerous grievances[1] concerning the quality of the drinking water and its potential hazardous effects on his health. Specifically, Sheegog filed grievances with then-IDOC Director Odie Washington, Warden Dwayne Clark, the grievance committee office at Stateville, counselor Louis Briick, and superintendent Ron Fleming on January 14, 1999. These grievances were addressed and denied by Briick, grievance officer Welsh, and Clark on January 19, 21 and 26, 1999. Sheegog appealed the denial of the grievances on March 17, 1999. That appeal was denied by IDOC director Donald Snyder on March 24, 1999.

Sheegog does not refer to the results of any testing of Stateville's drinking water since 1993. However, his complaint, fairly read, asserts that the water is still contaminated with excessive levels of radium. *See, e.g.,* Cplt. ¶¶19 (alleging that the water "currently is contaminated with excessive levels of radium"). He also alleges that this condition is hazardous to his health and that of other inmates. *See* Cplt. ¶2 & p. 6, heading V. Sheegog contends that he was induced into consuming Stateville's drinking water without knowledge of the potential health risk. He claims to feel ill and requests damages and an injunction.

---

[1]The defendants' motion to dismiss does not contest whether plaintiff exhausted his administrative remedies under 42 U.S.C. § 1997e(a). Based on the Court's review of the exhibits attached to plaintiff's complaint, the Court determines that plaintiff has fully exhausted his administrative remedies. *See Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999)

**Discussion**

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor; a complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). When confronted with a *pro se* complaint, the Court must employ a more liberal standard of review than would be used if an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglio*, 63 F.3d 527, 535 (7th Cir. 1995).

Defendants contend that Sheegog's complaint does not allege a violation of the Eighth Amendment. The Eighth Amendment imposes a duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a conditions of confinement claim of constitutional significance under the Eighth Amendment, the challenged condition must amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Liability under the Eighth Amendment includes both an objective and a subjective component. *See Farmer,* 511 U.S. at 834; *Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir. 1996). To satisfy the objective component, "the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer,* 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("extreme deprivations are required to make out a conditions of confinement claim"). The subjective component of the Eighth Amendment requires that Sheegog allege that the defendants were deliberately indifferent to the conditions of confinement. *See Farmer,* 511 U.S. at 837.

Sheegog's right to "humane conditions of confinement" under the Eighth Amendment include the long-established right to food – and, by logical extension, water – that "does not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 747 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied,* 479 U.S. 817 (1986). The Seventh Circuit recently addressed, in a somewhat different context, the claims brought by an inmate at Tamms Correctional Center who alleged that the prison's drinking water was contaminated with lead. *See Robinson v. Page*, 170 F.3d 747 (7th Cir. 1999). The Court of Appeals reversed the dismissal of the case, ruling that the inmate did not have to show a present physical injury to proceed with his action. *Id.* at 748. Prior to *Robinson*, the Supreme Court determined that an inmate alleging danger to his health due to exposure to second-hand tobacco smoke stated a claim under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993). In reaching its conclusion, the Court suggested that a claim along the lines made by Sheegog properly can be brought: "We would think that a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery." *Id.* As we have indicated, Sheegog's complaint alleges that Stateville's drinking water continues to contain an excessive level of radium and that this endangers his health. These allegations are sufficient to satisfy Sheegog's burden of pleading the Eighth Amendment's objective component.[2]

Sheegog must also allege that the defendants were deliberately indifferent to the health

---

[2] Defendants note that the IPCB notice attached to Sheegog's complaint says that the condition poses no short term risk. Sheegog, however, has been at Stateville for more than a short term.

4

risk posed by the contaminated water. *See Farmer,* 511 U.S. at 837. His complaint contains, in a heading, a general allegation that defendants "knew or should have known of this unsafe and unhealthy issue[.] Defendants are taking no measurements to correct this problem." Cplt., p. 6, heading V. It contains allegations that certain of the defendants failed to warn inmates of the contamination. *Id.* ¶¶19-24. Fairly read, Sheegog's complaint thus alleges that defendants have knowingly permitted a hazardous condition to exist, have done nothing about it, and have not warned inmates of the danger. These allegations are sufficient to give rise to an inference of deliberate indifference to the health risk presented by the allegedly contaminated water. Defendants' motion to dismiss is therefore denied as to all defendants except Schonauer, Welsh, and Briick. These defendants are identified as grievance officers and a counselor and were responsible only for addressing and denying Sheegog's grievances concerning the contaminated water; there is nothing in the complaint to suggest that they have anything to do with maintaining the water supply. The Court therefore dismisses Sheegog's claims against Schonauer, Welsh and Briick.

As the Court has indicated, Sheegog's complaint does not identify the results of any testing of Stateville's water since 1992. It may be that the previously excessive levels of radium have subsided or have been corrected; this is suggested by Sheegog's reference to a response to one of his grievances. If so, it may be appropriate for defendants to consider promptly moving for summary judgment.

### Conclusion

The Court grants defendants' motion to dismiss in part and denies the motion in part. The claims against Schonauer, Welsh and Briick are dismissed. The motion to dismiss is

otherwise denied. The remaining defendants are directed to answer the complaint on or before

August 1, 2000. The case is set for a status hearing on August 15, 2000 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: July 10, 2000